UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER TAYLOR-LIVAS,

    Plaintiff,

v.

DYKEMA GOSSETT P.L.L.C.,

    Defendant.

Case No.

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Heather Taylor-Livas, (hereinafter "Plaintiff"), by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1. Plaintiff, Heather Taylor-Livas, is a resident of the City of Lansing, County of Ingham and State of Michigan.

2. Defendant, Dykema Gossett P.L.L.C., (hereinafter "Dykema") is a domestic limited liability company whose resident agent is The Corporation

Company, and whose registered office address is 40600 Ann Arbor Road East, Suite 201, Plymouth, MI 48170.

3. The events producing the original injury occurred in the County of Ingham, State of Michigan, and jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S. Code § 1331, 1367, and 1391(b) & (c).

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in this Honorable Court.

5. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting harassment, discrimination and adverse employment actions which resulted in both economic and emotional damages to Plaintiff in violation of 42 U.S. Code § 1981, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2201, *et seq*.

## **GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff is an African-American woman who was hired by Defendant on or about April 14, 2016, and last worked as the primary Technical Support Specialist for Defendant's Grand Rapids and Lansing offices.

8. Plaintiff worked for Defendant from in or around 2016, to in or around 2019, with no performance issues, and has instead received satisfactory reviews and merit increase for her job performance.

9. During the course of her employment, Plaintiff was one of only 4 African Americans employed by Defendant in its technology department at its Lansing location, out of over 27 employees.

10. Before Plaintiff was terminated, the other three African American employees had all been terminated, leaving Plaintiff as the only African American employee in the Technical Support Department.

11. Defendant did not dismiss any other Caucasian employees at this time.

12. All of the terminated African American employees were replaced by Caucasians.

13. From the very start of her employment, Plaintiff was treated differently on the basis of her race.

14. Plaintiff repeatedly asked for diversity and sensitivity training for the company.

15. On or about May 29, 2020, four days after the George Floyd incident occurred, Plaintiff received an email from Defendant's agent Angie Waltz stated, in effect, that she was glad to be "Breathing!"

16. Plaintiff complained to HR about the comment that was made and that it was racially insensitive.

17. After this complaint and her repeated complaints about racial inequities in the workplace, Plaintiff experienced effects of severe and pervasive racism from Defendant.

18. In retaliation for her complaint, on or about July 10, 2020, Defendant issued Plaintiff a 60-day Performance Improvement Plan (PIP).

19. After the 60-day period was complete, Plaintiff was not notified of her PIP or job status.

20. In the months that followed, Defendant made false allegations that Plaintiff was a grossly incompetent employee, despite Plaintiff having several years of effective experience for Defendant.

21. In or around August 2020, Plaintiff was forced to attend regular "corrective" sessions with Defendant's management in which they made unsubstantiated assertions with missing facts, cutting Plaintiff off when she tried to speak.

22. The allegations against Plaintiff in the August 2020 meetings were not even related to the issues alleged in the PIP, showing that Defendant was creating pretext for which to terminate Plaintiff.

23. Plaintiff's work was more closely scrutinized and overanalyzed by Defendant, then similarly situated Caucasian employees.

24. Defendant managers retroactively searched through Plaintiff's old work tickets, looking for problems and asking other employees to forward problems that they have had with Plaintiff to the Human Resources Department.

25. On or about October 1, 2020, Defendant terminated Plaintiff.

26. Defendant's adverse employment actions were clearly pre-textual and in retaliation for Plaintiff reporting different incidents of racial discrimination to the Human Resources Department.

27. Defendant's attempts to justify Plaintiff's termination were clearly pretextual and the real reason she was demoted was due to her race, and/or retaliation for her complaints of unfair treatment.

28. The harassment and discrimination took place on a regular basis over several months, causing a hostile and offensive work environment due to Plaintiff's race.

29. During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq*.

30. At all times relevant, Plaintiff was acting as an employee of Defendant.

31. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

## COUNT I
## VIOLATION OF 42 USC § 1981

32. Plaintiff incorporates by reference paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. Pursuant to 42 U.S.C. §1981 Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment including termination from her employer and/or supervisors based upon her race.

34. While employed by Defendant, Plaintiff was subject to a private contractual agreement, by which Plaintiff was paid to work for Defendant.

35. During her employment with Defendant, Plaintiff was entitled to the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, free from discrimination.

36. Defendant discriminated against Plaintiff by terminating her and treating her differently than similarly situated Caucasian employees based on her race.

37. Plaintiff's race was the sole reason for Defendants' decisions, actions, treatment, conduct and attitude towards Plaintiff.

38. Defendant's conduct towards Plaintiff was intentional and motivated by Plaintiff's race as an African American.

39. Plaintiff is entitled to punitive, exemplary and compensatory damages pursuant to 42 U.S.C. §1981 as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

40. Because of the unlawful conduct of Defendants, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT II
## RACIAL DISCRIMINATION IN VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA 37.2201, *et seq*

41. Plaintiff incorporates by reference paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. Plaintiff was subjected to unwelcome conduct including adverse employment action due to her race.

43. The ongoing and continuing unwelcome conduct was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff.

44. Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation based upon her race.

45. Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

46. Plaintiff was subjected to repeated and continuous discriminatory treatment based upon her race by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

47. Plaintiff is entitled to exemplary and compensatory damages pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

48. Defendant created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in racial discrimination in the workplace;
   b. Imposing discipline based on race;

    c. Taking adverse employment action against Plaintiff based upon her race;

    d. Preventing Plaintiff from having full and fair opportunities to advance in her position based upon her race and national origin; and

    e. Creating a hostile work environment for Plaintiff by discriminating against her, harassing her, and retaliating against her due to her race.

49. Defendant owed Plaintiff a duty to refrain from discriminating against her, harassing her and treating her differently as a direct result of her race.

50. Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

51. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

52. Because of the unlawful conduct of Defendant, its agents, representatives and employees, and as a direct and proximate cause of such conduct,

Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT II
## RETALIATION

53. Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*, Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon her engaging in protected activities of complaining of race discrimination to her employer.

55. Pursuant to 42 USC § 1981, Plaintiff is guaranteed the right to be free from retaliation based on her complaints of discrimination that interfered with her ability to make and enforce contracts.

56. Defendant was Plaintiff's employer within the meaning of the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

57. During the course of her employment with Defendant, Plaintiff was subjected to constant unwelcome racial discrimination, creating a hostile work environment by Defendant.

58. The racial discrimination created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

59. As a proximate result of Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-phone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: July 27, 2022.

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Heather Taylor-Livas, by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: July 27, 2022.