UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER TAYLOR-LIVIAS,

    Plaintiff,

    v.

DYKEMA GOSSETT P.L.LC.,

    Defendant.

_____/

Case No. 22-11733

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

# ORDER TRANSFERRING PLAINTIFF'S COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

## I. INTRODUCTION

On July 27, 2022, Plaintiff Heather Taylor-Livas filed a complaint alleging race discrimination against her employer under 42 USC § 1981 and the Michigan Elliot-Larsen Civil Right, Act. [ECF No. 1].

She resides in Ingham County, Michigan, located in the Western District of Michigan. Plaintiff also alleges that the events giving rise to this lawsuit occurred in Ingham County. Although she claims that Defendant has a resident agent located in Wayne County, Plaintiff worked in Defendant's Grand Rapids and Lansing offices—in the Western District of Michigan—when the alleged injury occurred.

For the convenience of the parties and witnesses, as well as in the interests of justice, the Court will transfer the present matter to the Western District of Michigan.

Venue is proper in the judicial district where either all defendants reside or where a substantial part of the events giving rise to the claim occurred. *Al-Muhaymin v. Jones*, 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805–06 (E.D. Mich. 2000); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

Venue for Plaintiff's lawsuit does not best serve the interests of justice or convenience in the Eastern District of Michigan because Plaintiff alleges that the acts, events, or omissions which form the basis of her lawsuit took place in Ingham County, in the Western District. Also, any witnesses or evidence related to Plaintiff's race discrimination claim against her former employer would mostly conveniently be found near the places where plaintiff worked—Grand Rapids and Lansing—located in the Western District.

The Court concludes that venue in this lawsuit lies best in the United States District Court for the Western District of Michigan, where Plaintiff alleges the race discrimination occurred.

Accordingly, the Court ORDERS the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**


Dated:  November 1, 2022                    /s/ Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 1, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager